```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/7/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                        :
UNITED STATES OF AMERICA                                :
                                                        :     18-CR-384 (VEC)
                  -against-                             :
                                                        :     ORDER
WINTON DELORBE-LUNA,                                    :
                                                        :
                                Defendant.              :
------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

WHEREAS on June 30, 2020, Mr. Delorbe-Luna, *pro se*, filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), Dkt. 47;

WHEREAS on September 25, 2020, the Government filed a letter in opposition to Mr. Delorbe-Luna's motion, Dkt. 56, and provided his Bureau of Prisons ("BOP") medical records (under seal) and disciplinary records, Dkt. 57;

WHEREAS as of the date of this Order, Mr. Delorbe-Luna has not replied in support of his motion for compassionate release;

WHEREAS Mr. Delorbe-Luna has satisfied the exhaustion requirement as set forth in 18 U.S.C. § 3582(c)(1)(A), *see* Gov't Opp. at 2, Dkt. 56; Dkt. 56-1; Dkt. 56-2;

WHEREAS this Court may reduce Mr. Delorbe-Luna's term of imprisonment if, after considering the § 3553(a) factors to the extent applicable, it determines that extraordinary and compelling reasons warrant such a reduction, 18 U.S.C. § 3582(c)(1)(A); and

WHEREAS the Court has discretion to consider "the full slate of extraordinary and compelling reasons that an imprisoned person might" put forth in seeking a sentence reduction and is not bound by policy statements or guidance articulated by the Sentencing Commission or BOP, *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020);

IT IS HEREBY ORDERED that Mr. Delorbe-Luna's motion for compassionate release is DENIED.  Mr. Delorbe-Luna has neither demonstrated extraordinary and compelling reasons justifying a reduction in his sentence nor shown that such a reduction would be consistent with the § 3553(a) factors.

In support of his motion, Mr. Delorbe-Luna points to the ongoing COVID-19 pandemic and the difficulties he faces in protecting himself from this potentially fatal illness while incarcerated and living in a "dorm[-]style setting."  *See* Def. Mot. at 1–2, Dkt. 47.[1]  Mr. Delorbe-Luna does not identify any medical concerns that would place him at heightened risk of serious illness or death were he to contract COVID-19.  Although the Court acknowledges that that there is a greater risk of contracting COVID-19 while living in a congregate setting as compared to a single-family home or apartment and that inmates are less likely to be able to follow guidance from the Centers for Disease Control and Prevention ("CDC") concerning how to avoid contracting COVID-19, the general dangerousness of the ongoing COVID-19 pandemic alone is insufficient to establish extraordinary and compelling reasons justifying release.  *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Weeks*, No. 16-CR-167, 2020 WL 1862634, at *3

---

[1]  Mr. Delorbe-Luna appears to have relied on a form template to draft his motion for compassionate release, and, as a result, a number of assertions in his motion plainly do not to apply to his situation.  For instance, he asserts that "under normal conditions and properly managed reentry benefits by BOP Unit Team Staff, [he] would already be in or approaching a halfway house or home confinement setting."  Def. Mot. at 1.  In that same sentence, however, Mr. Delorbe-Luna notes that his "Home Detention Eligibility Date" is March 6, 2026.  *See id.*  Similarly, he claims to have already served a significant portion of his sentence, *see id.* at 2, despite having served less than half of his sentence.  *See* Gov't Opp. at 5.

He also claims to have a "verified reentry plan consisting of suitable residence, secured employment, and strong family ties and support" without providing any additional details.  Def. Mot. at 2.  Mr. Delorbe-Luna, however, is subject to an ICE Detainer, pursuant to which he is to be deported after his release from BOP custody, thus rendering any proposed release plan within the United States irrelevant.  *See* Dkt 56-2 (noting an ICE Detainer was lodged March 23, 2020, and his current status is "Deportable Alien"); PSR at 1, Dkt. 35; *see also United States v. Ng Lap Seng*, 459 F. Supp. 3d 527, 538–41 (S.D.N.Y. 2020) (noting that defendant's immigration status rendered his requested relief of home confinement unavailable).

(S.D.N.Y. Apr. 14, 2020) (holding that defendant's incarceration and the nationwide COVID-19 outbreak are collectively not enough to establish extraordinary and compelling reasons justifying early release).

A review of Mr. Delorbe-Luna's medical records does not reveal any extraordinary and compelling reasons justifying early release. Mr. Delorbe-Luna's only medical issue appears to be latent tuberculosis, for which he has reportedly refused prophylactic treatment. *See* Medical Records. According to Mr. Delorbe-Luna's medical records, he does not have any symptoms or pain, and, as of August 2020, he has not presented any signs of reactive tuberculosis. *See* Dkt. 56-3; *see also* Medical Records. Although the CDC does not presently recognize tuberculosis, whether latent or active, as a comorbidity increasing an individual's risk of serious illness or death should one contract COVID-19, some studies have identified a link between tuberculosis and more severe COVID-19 symptoms. *See, e.g.*, Yu Chen et al., *Active or Latent Tuberculosis Increases Susceptibility to COVID-19 and Disease Severity*, medRxiv (Mar. 16, 2020), https://www.medrxiv.org/content/10.1101/2020.03.10.20033795v1. Similarly, while some courts have found a latent tuberculosis diagnosis to constitute an extraordinary and compelling reason justifying compassionate release, others have determined that latent tuberculosis, absent some other risk factor, is not a medical condition that warrants early release even evaluated in the context of the ongoing COVID-19 pandemic. *See United States v. Spikes*, No. 08-CR-201-2, 2020 WL 6044614, at *5 (E.D. Pa. Oct. 13, 2020) (collecting cases highlighting that "the lack of definitive epidemiological research and medical consensus on the interplay between latent TB and COVID-19" has resulted in nonuniformity among courts on whether latent tuberculosis justifies early release and noting that "[w]hen courts have granted early release for inmates with latent tuberculosis, the inmate has presented other risk factors").

Here, there is an additional factor which weighs against finding Mr. Delorbe-Luna's latent tuberculosis an extraordinary and compelling reason justifying a sentence reduction: Mr. Delorbe-Luna appears to have tested positive for and recovered from COVID-19 without complication. *See* Dkt. 56-2; Medical Records. There is no evidence in the record that Mr. Delorbe-Luna suffered from severe symptoms or has any lingering effects since recovering from COVID-19. As several courts have found, a defendant's successful recovery from COVID-19 weighs against granting that defendant compassionate release. *See, e.g.*, *United States v. Shrout*, No. 15-CR-438, 2020 WL 3483703, at *4 (D. Or. June 26, 2020) ("Shrout has already contracted COVID-19 and, crucially, the BOP has properly managed the disease."); *United States v. Dan*, No. 15-CR-703, 2020 WL 3453845, at *4–5 (D. Haw. June 24, 2020) (denying relief to 34-year old at Terminal Island who recovered from COVID-19 and did not have serious conditions). That there are only three active infections among inmates at North Lake Correctional Facility further counsels against granting his motion. *See COVID-19: Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Dec. 5, 2020). Thus, Mr. Delorbe-Luna has failed to demonstrate extraordinary and compelling circumstances justifying his early release.

Additionally, the § 3553(a) factors weigh heavily against granting Mr. Delorbe-Luna's request for compassionate release. Mr. Delorbe-Luna pled guilty to conspiracy to distribute, and possess with intent to distribute, cocaine in violation of 21 U.S.C. § 846. *See* PSR ¶ 2, Dkt. 35; Gov't Opp. at 1. His offense conduct consisted of transporting nearly 16 kilograms of cocaine. PSR ¶ 18; Gov't Opp. at 4. With a projected release date of September 6, 2026, even accounting for good-time credit, Mr. Delorbe-Luna has more than five years remaining on his original 10-year sentence. *See* Gov't Opp. at 1, 5. Granting Mr. Delorbe-Luna's request to be released would result in a sentence of less than three years. *See* PSR at 1. Such a lenient sentence for Mr.

Delorbe-Luna's criminal conduct, especially considering that he had already been deported twice following criminal convictions, including a prior narcotics conviction, would greatly undermine several of the goals of sentencing, including deterrence, both general and specific, and ensuring that the sentence reflects the seriousness of the offense.  *See* 18 U.S.C. § 3553(a); *see also* PSR at 16, 17; Gov't Opp. at 1, 4.

For the foregoing reasons, Mr. Delorbe-Luna's motion for compassionate release is DENIED.  The Clerk of Court is respectfully requested to terminate the open motions at Dkts. 47, 56, and 57 and to mail a copy of this Order to Mr. Delorbe-Luna at the following address: Winton Delorbe-Luna, #85417-054, N.L.C.F., P.O. Box 1500, Baldwin, MI 49304.

**SO ORDERED.**

Date:  **December 7, 2020**  
       **New York, NY**

       **VALERIE CAPRONI**  
       **United States District Judge**

5